FILED
2016 Jul-11  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELMETS, Inc**., an Alabama corporation, and **TODD SOBEL**, an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| **LONGWOOD INDUSTRIES, INC.,** a Virginia Company, d/b/a **ONCE DRIVEN,** | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Helmets, Inc. and Todd Sobel ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Longwood Industries, Inc., d/b/a Once Driven (hereinafter "Defendant"), to put an end to its unlawful practice of placing unsolicited telemarketing calls to consumers nationwide. Plaintiffs, for their Complaint, allege as follows:

## INTRODUCTION

The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., (hereinafter "TCPA") was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiffs, nor the other members of the putative Class, ever provided Defendant with their prior express consent to be called. By making the phone calls at issue in this Complaint, Defendant caused Plaintiffs and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid

to their telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

Because Defendant makes and/or facilitates unsolicited robocalls to consumers without prior express consent, it has violated and continues to violate the TCPA.

In response to Defendant's unlawful conduct, Plaintiffs filed the instant lawsuit seeking an injunction requiring Defendant to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

1. Plaintiff Helmets, Inc. (hereinafter "Helmets") is an Alabama corporation, headquartered and operating in Shelby County.

2. Plaintiff Todd Sobel (hereinafter "Sobel") is above the age of nineteen and is a resident of Shelby County, Alabama.

3. Longwood Industries, Inc., d/b/a Once Driven (hereinafter "Defendant") is a Virginia entity that provides services regarding the sale of used cars and operates a used car listing site.

4. Defendant has resorted to unsolicited robocalls to grow its customer base.

## JURSDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332, because Plaintiffs and Defendants are residents of diverse states, and Plaintiff seeks up to $1,500 for each call in violation of the TCPA which, when aggregated among a proposed class number in the tens of thousands, exceeds the $75,000 threshold exclusive of interests and costs.

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331, as the following civil action arises pursuant to 47 U.S.C. § 227, et seq.

2

7.   Venue is proper in the United States District Court for the Northern District of Alabama as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction.

## FACTS AND OVERVIEW

8.   Among other things, the TCPA prohibits certain unsolicited marketing calls, and restricts the use of automatic dialers or pre-recorded messages.

9.   Defendant provides commercial printing, luggage pleating and services, and job training services, and operates a used car listing site. Unfortunately, in their pursuit of marketing those services, according to information and belief, Defendant conducted and conducts nationwide telemarketing campaigns. 47 U.S.C. § 227, et seq.

10. In order to reach more customers, Defendant uses an invasive and illegal method of advertising: unsolicited telemarking via a pre-recorded message and/or automatic dialer known as "robocalling".

11. Defendant or Defendant's agents place pre-recorded calls to consumers who have placed advertisements for selling a used car on other websites, informing individuals and businesses that they are to remain on the line to speak with a live representative. The live operator then tries to sell their services for facilitating the sale of a used vehicle.

12. Defendant made, and continue to make, these telemarketing calls to consumers nationwide without their prior written consent to do so.

13. Even though these calls might be directed towards businesses, many consumers including Plaintiff Sobel, received these pre-recorded "robocalls" calls on their cellular phone.

14. Defendant made and continues to make these telemarketing calls to consumers nationwide without their prior written express consent to do so.

15. According to information and belief, numerous Complaints have been made nationally by consumers against the Defendant with the Federal Communications Commission, and a complaint has been lodged with the Indiana Attorney General.

16. The website everycaller.com reports that their have been 73 complaints involving (888) 941-6515, the number controlled and/or owned by the Defendant[1].

17. Online consumer complaints regarding Defendants' unsolicited telemarketing calls are, among others, as follows:

- I am far to familiar with them as they have been robo-calling me, in spite of my number being on the national Do Not Call list, ever since I listed something in the auto section of Craiglist. I have filed a complaint with the FCC and am about to file another one with craiglist.[2] *[sic]*

- Ditto on the CL spam, do not contact tis company. In violation of CL policy they scrape numbers from the autos for sale section and call them… repeatedly… at all hours… and hang up…[3] *[sic]*

- Spam, unsolicited offer, a company calling about selling my car to a fee.[4] *[sic]*

- My wife and I have both received a half dozen calls from this organization; all of which went directly to voice mail; so as Brian said, they are apparently using a service so you can't actually answer their call and tell them to go away... likely just using a generic recording since there is no specific mention of my name or the actual car I'm selling in the message.  Also, we sold the car prior to their first call without paying their nearly $200 fee to list the car for us.  I guess some people may have a hard time figuring out how to list their car for free online; so this is apparently a legitimate service; though their business tactics are annoying.  I just advised them to remove both numbers from their call list and hopefully that will be the end of them.  I felt the need to leave a complaint here due to the amazingly annoying unsolicited repeated calls from them.[5]

---

[1] https://www.everycaller.com/phone-number/1-888-941-6515/
[2] Chttps://www.cargurus.com/Cars/Discussion-ds550271
[3] *Id.*
[4] https://www.everycaller.com/phone-number/1-888-941-6515/
[5] http://800notes.com/Phone.aspx/1-888-941-6515

## PLAINTIFFS' EXPERIENCE

18. On June 29, 2003 Plaintiff Sobel registered his cellular phone number with the National Do Not Call Registry, which was established by the Federal Trade Commission ("FTC") to comply with the Do-Not-Call Implementation Act of 2003, 15 U.S.C.6101, et seq.

19. On information and relief, starting in or around June 22, 2016, received a pre-recorded telemarketing calls from (888) 941-6515, a phone number controlled and/or owned by Defendant, on Plaintiff Sobel's cellular phone regarding Defendant's offer to help Plaintiffs sell a motor vehicle in exchange for a fee.

22. Plaintiffs did not express their consent to be called by Defendant and did not interact with the Defendant in any way prior to receiving a call from them.

23. Plaintiffs have never done any business with Defendant.

24. Defendant was and is aware that they are placing unsolicited robocalls to Plaintiffs and other consumers without their prior written consent.

## CLASS ALLEGATIONS

25. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> **Robocall Class**: All persons in the United States from 2012 to the present who (1) received a telephone call; (2) promoting Defendants' services (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior written express consent to make such call to the telephone number that received it.

> **Do Not Call Class**: All individuals in the United States from 2012 to the present (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who never consented to be contacted by Defendant; (3) to which Defendant made more than one telephone call to; (4) promoting Defendant's products or services; (5) within any 12-month period.

26. Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its' parents have a controlling interest, and those entity's current and former employees, officers, and directors, (2) the Judge to whom this case is assigned and the Judge's immediate family, (3) persons who execute and file a timely request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

27. The exact number of members of the Class is unknown and is not available to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals. Class members can be easily identified through Defendants' records.

28. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a.  whether Defendants' conduct violated the TCPA;

    b.  whether Defendants made calls featuring an artificial or pre-recorded voice;

    c.  whether Defendants and/or its agents systematically made phone calls to persons who did not previously provide Defendants and/or its agents with their prior express consent to receive such phone calls;

    d.  whether Defendants systematically made telephone calls to persons whose telephone numbers were registered with the National Do Not Call Registry;

    e.  whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

29. Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs and the Class sustained damages as a result of Defendants' uniform wrongful conduct during transactions with Plaintiff and the Class.

30. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs. Plaintiffs and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor counsel has any interest adverse to those of the other members of the Class.

31. This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiffs' challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to the Plaintiffs and to all of the other members of the Class. Plaintiffs and the members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

32. This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendants' actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendants. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

33. Plaintiffs reserve the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C § 227**
**<u>(On behalf of Plaintiff and the Robocall Class)</u>**

34. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

35. Defendant made unsolicited and unwanted telemarketing calls to the cellular numbers belonging to Plaintiff Sobel and the other members of the Robocall Class without their prior written express consent.

36. Defendant made unsolicited telemarketing calls to the telephone numbers belonging to Plaintiff Sobel and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall."

37. By making, or having made on its behalf, unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiffs and the Class's telephones without prior written express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendant's unlawful conduct, Plaintiffs and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in statutory damages for each violation of the TCPA.

38. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

### SECOND CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of the Plaintiff and the Do Not Call (Class)

39. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40. 47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which regulations were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

41. 47 C.F.R. §64.1200 (c), provides that "No person or entity shall initiate any telephone solicitation" to "…(2) A residential telephone subscriber who has registered his or her telephone

number on the national do- not- call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. 47 C.F.R. §64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

    a.  Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

    b.  Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

    c.  Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do not- call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do- not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

    d.  Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

    e.  Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

10

f.  Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

43. 47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CO Docket No. 02-278, FCC 03- IS3, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

44. Defendant violated 47 C.F.R.  § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiffs and the Do Not Call Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendant, as set forth in 47 C.F.R. §64.1200(d)(3).

45. Defendant and/or its agents made unsolicited telephone calls to Plaintiffs and the members of the Robocall Class without their prior express consent to receive such calls. Plaintiffs and members of the Robocalls Class never provided any form of consent, at any time, to receive telephone calls from Defendant.

46. Defendant violated 47 C.F.R. §64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Do Not Call

Class without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Do Not Call Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiffs, the Robocall Class, and the Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Todd Sobel and Plaintiff Hemlets, Inc., on behalf of themselves, the Robocall Class, and the Do Not Call Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff Todd Sobel as representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, inter alia, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F.  Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted, this the 11th day of July, 2016

/s/ Diandra S. Debrosse Zimmermann
Diandra S. Debrosse Zimmermann

OF COUNSEL:
**Zarzaur Mujumdar & Debrosse – Trial Lawyers**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
F: 888.505.0523
E: fuli@zarzaur.com

/s/ James H. McFerrin
James H. McFerrin

**McFerrin Law Firm LLC**
265 Riverchase Parkway East, Suite 202
Birmingham, Alabama 35244
T: 205.870.5704
F: 205.985.5093
E: jhmcferrin@bellsouth.net

## SERVE BY CERTIFIED MAIL:

**Longwood Industries, Inc.,** d/b/a **Once Driven**
c/o Jeffrey D. Witt, Registered Agent
1617 Longwood Avenue
Bedford, VA 24523